UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| GERALD E. HELGET, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Underlying Litigation: |
| | ) | Case No. 1:19-cv-11586-FDS |
| FITBIT, INC., | ) | United States District Court |
| | ) | District of Massachusetts |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE TRANSFER
THE MOTION TO QUASH SUBPOENA TO THE U.S. DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS</u>**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ..................................................................................................... 1
       A.     The Philips v. Fitbit Litigation in the District of Massachusetts .................. 2
       B.     The Helget Subpoena and the '233 Patent. .................................................. 3

II.    A DEPOSITION OF PROSECUTION COUNSEL IS NOT JUSTIFIED IN
       THIS CASE AND THE DEPOSITION SUBPOENA SHOULD BE
       QUASHED ............................................................................................................. 4

III.   IN THE ALTERNATIVE, MR. HELGET REQUESTS TRANSFER OF
       THIS MOTION TO THE DISTRICT OF MASSACHUSETTS UNDER
       RULE 45(f) ........................................................................................................... 8

IV.    CONCLUSION ...................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Bales v. Quest USA Corp.*,
    1:18-MC-00222-RM, 2019 WL 1454696 (D. Colo., April 2, 2019) ........................... 4

*Cedar Rapids Lodge & Suites, LLC v. Seibert*,
    014CV04839SRNKMM, 2018 WL 3019899 (D. Minn. June 18, 2018) ..................... 5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ................................................................................ 2, 6

*Games2U, Inc. v. Game Truck Licensing, LLC*,
    MC-13-00053-PHX-GMS, 2013 WL 4046655 (D. Ariz. Aug. 9, 2013) .................... 4

*In re Insogna*,
    3:19-CV-1589-LAB-AHG, 2020 WL 85487 (S.D. Cal. Jan. 3, 2020) ........................ 4

*Misc. Docket Matter #1 v. Misc. Docket Matter #2*,
    197 F.3d 922 (8th Cir. 1999) ...................................................................................... 3

*Petka v. Mylan Pharms., Inc.*,
    6-MC-80196-MEJ, 2016 WL 6947589 (N.D. Cal Nov. 28, 2016) ............................. 4

*ResQNet.com, Inc. v. Lansa, Inc.*,
    No. 01-cv-3578, 2004 WL 1627170 (S.D.N.Y. July 21, 2004) ................................... 4

*Shelton v. Am. Motors Corp.*,
    805 F.2d 1323 (8th Cir. 1986) .................................................................................... 4

*Sterne, Kessler, Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
    276 F.R.D. 376 (D.D.C. 2011) ................................................................................. 4, 5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) .................................................................................. 6

*XTO Energy, Inc. v. ATD, LLC*,
    No. CIV 14-021, 2016 WL 1730171 (D.N.M. Apr. 1, 2016) ...................................... 4

**Federal Statutes**

Fed. R. Civ. P. 45(d) ......................................................................................................... 1

Fed. R. Civ. P. 45(d)(1) ................................................................................. 3

Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv) ........................................................... 3, 4

FED. R. CIV. P. 45(f) ................................................................................... 1, 6

Pursuant to FED. R. CIV. P. 45(d) of the Federal Rules of Civil Procedure, third-party subpoena recipient Gerald E. Helget ("Mr. Helget"), by and through counsel, respectfully moves this Court to quash the deposition subpoena attached as Exhibit A to the Declaration of Melissa R. Stull ("Stull Decl"),[1] served on Mr. Helget by Fitbit, Inc. ("Fitbit").  In the alternative, Mr. Helget requests that this motion be transferred under FED. R. CIV. P. 45(f) to the issuing court, the U.S. District Court for the District of Massachusetts, where the underlying dispute from which the subpoena arose, *Philips North America LLC v. Fitbit, Inc.*, Case No. 1:19-cv-11586-FDS (D. Mass.), is pending.

## I.    **INTRODUCTION**

Mr. Helget is a partner in the law firm of Taft Stettinius & Hollister LLP, a licensed patent attorney, and has practiced intellectual property law for more than 39 years.  More than 15 years ago he served as prosecution counsel in the patent application that led to U.S. Patent No. 7,088,233, which is presently asserted in the patent litigation between Philips North America, LLC and Fitbit pending in the District of Massachusetts.  Fitbit's attempt to depose Mr. Helget constitutes an improper fishing expedition against patent prosecution counsel—on subject matters directly related to said attorney's legal advice—of the sort that courts routinely reject.

---

[1] The subpoena requested both the production of documents as well as deposition testimony.  This motion seeks only to quash the deposition aspect of the subpoena.  Mr. Helget will be serving objections to the documents requested in the subpoena and will produce any responsive documents subject to those objections to the extent they can be identified upon reasonable search.

While courts have recognized the potential relevance of deposing prosecution counsel in cases **where inequitable conduct has been properly pled** (according to a heightened pleading standard), inequitable conduct has **not been pled** in the underlying dispute—and no deposition of Mr. Helget is justified.

### A.     The Philips v. Fitbit Litigation in the District of Massachusetts

On July 22, 2019, Philips North America LLC ("Philips") filed a patent infringement case against Fitbit in the District Court of the District of Massachusetts asserting that Fitbit infringes U.S. Patent No. 6,013,007 ("the '007 patent"), U.S. Patent No. 7,088,233 ("the '233 patent"); U.S. Patent No. 8,277,377 ("the '377 patent"); and U.S. Patent No. 6,976,958 ("the '958 patent").[2] Philips's patents are directed to various health, wellness, and fitness monitoring technologies, and Philips accuses various Fitbit activity tracker and smart watch products of infringement.

In that matter, the parties have engaged in extensive fact discovery, which is presently set to close on March 23, 2021.  Fitbit has not yet answered the Complaint or served counterclaims because a Motion to Dismiss remains pending.  Fitbit first identified a purported inequitable conduct defense in a supplemental interrogatory response on February 16, 2021—8 days **after** service of the subpoena on Mr. Helget and **more than a year** after service of the original interrogatory on January 10, 2020. (*See* Stull Decl., Ex. B.)

---

[2] On September 3, 2020, the court granted Philips's motion for leave to file a Second Amended Complaint, in which Philips withdrew its allegations regarding Fitbit's infringement of the '958 patent.

2

What is more, were Fitbit to rely on the cursory allegation of inequitable conduct found in its belated Supplemental Response to Interrogatory No. 1, Philips would successfully move to dismiss that pleading. *See Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009).

### B.    The Helget Subpoena and the '233 Patent.

On February 8, 2021, Fitbit served a combined document and deposition subpoena on Mr. Helget, unreasonably noticing his deposition for February 19th, 2021—11 days after service.  (*See* Stull Decl., Ex. C.)  The subpoena purports to seek deposition testimony on "topics" that are exclusively focused on Mr. Helget's provision of legal services with respect to the '233 patent and related patents, including some topics that would cover almost entirely privileged content, such as **communications between Mr. Helget and his client** with respect to the '233 patent and related patents. (*See* Stull Decl., Ex. A at 15, Topic 12.[3])

Ultimately, Fitbit has failed to comply with Fed. R. Civ. P. 45(d)(1) by failing to protect Mr. Helget from undue burden as Fitbit seeks discovery from Mr. Helget that:

- is redundant to discovery already sought and produced in the underlying case, *i.e.*, the non-privileged prosecution history documents for the '233 patent;

---

[3] For clarity, citations to page numbers in exhibits refer to the page of the pdf document, rather than a page number in the footer of the exhibit.

- includes documents and testimony that are not relevant to any claim or defense in the underlying case, *i.e.*, documents that ostensibly relate to unpled allegations of inequitable conduct; and

- includes documents and testimony that fall within attorney-client privilege, *i.e.*, communications with the patent owner during prosecution, Royal Thoughts.

## II.   A DEPOSITION OF PROSECUTION COUNSEL IS NOT JUSTIFIED IN THIS CASE AND THE DEPOSITION SUBPOENA SHOULD BE QUASHED

Rule 45 mandates that the Court "must quash or modify a subpoena . . . that requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).  The Eighth Circuit has recognized that the "burden thrust upon non-parties" is of particular concern when evaluating third-party subpoenas. *See Misc. Docket Matter #1 v. Misc. Docket Matter #2*, 197 F.3d 922, 926-27 (8th Cir. 1999) (affirming order to quash third-party subpoena "because [the serving parties] did not fulfill their duty under Rule 45 to take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena").

Courts have long disfavored subpoenas of attorneys due to the obvious "'chilling effect' that such practice will have on the truthful communications from the client to the attorney." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *see, e.g.*, *Sterne, Kessler, Goldstein & Fox, PLLC v. Eastman Kodak C*o., 276 F.R.D. 376, 380-82 (D.D.C. 2011); *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-021, 2016 WL 1730171, at 31 (D.N.M. Apr. 1, 2016).

4

In patent cases, these concerns have driven the repeated quashing of subpoenas to patent prosecution counsel, like that at issue here, without a properly pled inequitable conduct defense.  *See Sterne Kessler*, 276 F.R.D. at 383 (quashing subpoena to depose counsel that provided representations before the USPTO as while defendant had sought leave to amend its pleadings to assert an inequitable conduct defense, the court had not yet allowed it to do so); *Games2U, Inc. v. Game Truck Licensing, LLC*, MC-13-00053-PHX-GMS, 2013 WL 4046655, at *8-9 (D. Ariz. Aug. 9, 2013) (quashing subpoena of non-party prosecution counsel where inequitable conduct not pled); *Bales v. Quest USA Corp*., 1:18-MC-00222-RM, 2019 WL 1454696, at *1 (D. Colo., April 2, 2019) (same); *Petka v. Mylan Pharms., Inc*., 6-MC-80196-MEJ, 2016 WL 6947589, at *4 (N.D. Cal Nov. 28, 2016) (same); *In re Insogna,* 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *11 (S.D. Cal. Jan. 3, 2020) (same); *ResQNet.com, Inc. v. Lansa, Inc.,* No. 01-cv-3578, 2004 WL 1627170, *4-5 (S.D.N.Y. July 21, 2004) (same).

Accordingly, as other courts have done in similar situations involving subpoenas to patent prosecution counsel, Fitbit's deposition subpoena should be quashed in accordance with Rule 45 because it (1) "requires disclosure of privileged or other protected matter" and/or (2) "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).  "In assessing undue burden courts consider a number of factors, including: (1) relevance; (2) the need for the discovery; (3) how broadly the requests are framed; (4) the time period covered by the subpoena; (5) how particularly the subpoena describes the documents sought; (6) the burden imposed; and (7) that the recipient is a non-party to the litigation."

*Cedar Rapids Lodge & Suites, LLC v. Seibert*, No. 14-CV-04839-SRN-KMM, 2018 WL 3019899, at *3 (D. Minn. June 18, 2018).

First, the subject matter on which Fitbit seeks to depose Mr. Helget is overwhelmingly privileged as the topics identified for Mr. Helget's deposition focus on his prosecution counseling, his compliance with USPTO regulations, his "decisions" during prosecution, and the basis for various "actions" taken during patent prosecution. (Stull Decl., Ex. A at 14-15.) Topic 12 goes as far as to request testimony on communications between Mr. Helget and his client. (*Id.* at 15.)

Second, the deposition subpoena poses an undue burden on third-party Mr. Helget because the discovery is neither necessary nor relevant.  Prior to filing the instant motion, undersigned counsel requested that Fitbit withdraw the deposition subpoena in lieu of Mr. Helget filing a Motion to Quash.  Fitbit refused, and alleged that the deposition would be relevant to Fitbit's nascent (though unpled) allegations of inequitable conduct.   As explained in the context of the many above-cited cases quashing subpoenas to prosecution counsel—the deposition of prosecution counsel cannot be relevant to a claim of inequitable conduct that has not been pled.

To the extent Fitbit attempts to rely on its cursory interrogatory response—served 8 days **<u>after</u>** the service of the subpoena at issue—it provides Fitbit no solace. *See Sterne Kessler*, 276 F.R.D. at 383.  In addition to being conclusory, the interrogatory response itself cites the future hypothetical testimony of Mr. Helget as supporting the basis for the alleged inequitable conduct.  (*See* Stull Decl., Ex. B at 12 (citing "documents and testimony from Mr. Gerald Helget in response to subpoena served on Feb. 8, 2021").)  Such circular

logic would never satisfy the heightened pleadings requirements for a proper pleading of inequitable conduct.  *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009) ("[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity" under Rule 9(b).).  A "pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO."  *Id.* at 1328-29; *see also Therasense, Inc. v. Becton, Dickinson & Co*., 649 F.3d 1276, 1290 (Fed. Cir. 2011) (holding that to find inequitable conduct, intent to deceive must be the "single most reasonable inference able to be drawn from the evidence," and that "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found.").  While Fitbit has not made **_any pleading_** with respect to inequitable conduct, if Fitbit pled inequitable conduct based on the speculative and cursory allegations found in Fitbit's interrogatory response, the pleading would not survive a motion to dismiss.

Mr. Helget's deposition would also be unduly burdensome in light of discovery that Fitbit has already taken to date, including having deposed the inventor of the '233 patent and related patents more than six months ago and having had the opportunity to review the publicly available prosecution history since the filing of the lawsuit.

## III. IN THE ALTERNATIVE, MR. HELGET REQUESTS TRANSFER OF THIS MOTION TO THE DISTRICT OF MASSACHUSETTS UNDER RULE 45(f)

In the alternative, Mr. Helget requests, and consents to, transferring this Motion to Quash to the District Court of the District of Massachusetts, the issuing court, under Fed. R. Civ. P. 45(f).  As the court handling the underlying dispute between Philips and Fitbit, and in view of the relevance of this Motion to other aspects of the ongoing litigation in Massachusetts, the District of Massachusetts would be well situated to resolve the Motion.

## IV. CONCLUSION

For the foregoing reasons, Mr. Helget respectfully requests the Court quash the subpoena for deposition testimony or that, in the alternative, the Court transfer this motion to the U.S. District Court for the District of Massachusetts.


Dated: February 19, 2021              /s/ Melissa R. Stull_____
                                      George W. Soule (#103664)
                                      Melissa R. Stull (#0387060)
                                      **SOULE & STULL LLC**
                                      Eight West 43rd Street, Suite 200
                                      Minneapolis, MN 55409
                                      Telephone: 612.353.6403
                                      gsoule@soulestull.com
                                      mstull@soulestull.com


                                      ATTORNEYS FOR PLAINTIFF