UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD E. HELGET, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FITBIT, INC., )<br>)<br>Defendant. )<br>) | Case No. 21-mc-91150-FDS |

ORDER ON PLAINTIFF'S MOTION TO QUASH
[Docket No. 1]

May 3, 2021

Gerald Helget has moved for an order to quash Defendant Fitbit, Inc.'s subpoena. Docket No. 1. For the following reasons, this Court grants Helget's motion.[1]

I.   PROCEDURAL AND FACTUAL BACKGROUND

More than fifteen years ago, Helget, a licensed patent attorney, prosecuted Patent No. 7,088,233 (the "'233 Patent") before the U.S. Patent and Trademark Office (the "PTO") on behalf on inventor Raymond Menard and assignee Royal Thoughts, LLC.[2] Docket Nos. 2 at 5; 20 at 2.[3] In addition, Helget prosecuted Patent No. 7,138,902, which Fitbit alleges is substantively identical to the '233 Patent. Docket No. 20 at 2, 7.

---

[1] The district judge referred this matter to the undersigned on March 18, 2021. Docket No.34.
[2] Philips represents that it is the owner and assignee of all legal title in the '233 Patent, including the right to sue and recover damages for infringement. Philips North America LLC v. Fitbit, Inc., Civil Action No. 19-11586-FDS, Docket No. 112 at ¶ 42.
[3] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

1

On July 22, 2019, Philips North America LLC filed a patent infringement case against Fitbit. See Philips North America LLC v. Fitbit, Inc., Civil Action No. 19-11586-FDS. On December 10, 2019, Fitbit filed a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6). Philips, Docket No. 33. Because that motion is still pending, Fitbit's time to file an answer has not expired.

On February 8, 2021, Fitbit served a combined document and deposition subpoena on Helget. Docket No. 2 at 7. On February 19, 2021, Helget filed this motion in the United States District Court for the District of Minnesota seeking only to quash the deposition portion of the subpoena.[4] Docket Nos. 2, 3. On March 1, 2021, Fitbit filed its opposition. Docket No. 20. Helget filed a reply memorandum on March 4, 2021. Docket No.23. The case was transferred to the District of Massachusetts on March 5, 2021. This Court heard oral argument on April 21, 2021.

II.     APPLICABLE LAW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that must be considered in weighing

---

[4] At oral argument, the parties represented that Helget produced documents in response to the subpoena. They did not anticipate any further litigation with respect to that component of the subpoena.

proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.  Information within the scope of discovery need not be admissible in evidence to be discoverable.  Id.

A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1). Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009) (citation omitted).  Thus, the information sought must be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The party issuing the subpoena has the burden of establishing that the requested information is relevant to its claims or defenses.  Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R. 2014).

III.   ANALYSIS

Fitbit argues that Helget's testimony is relevant to its defense that Helget committed inequitable conduct during the prosecution of the '233 patent, which would render it invalid. Docket No. 20 at 3.  Helget contends that the subpoena is unduly burdensome because, among other things, it requests (1) discovery that is not relevant because it relates to unpleaded allegations of inequitable conduct; and (2) discovery that is protected by the attorney-client privilege.[5]  Docket No. 2 at 7-8.

---

[5] Helget's counsel refers to Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which set out a three-part test for determining the appropriateness of deposing opposing counsel. Docket No. 2 at 8.  However, "[c]ourts have declined to apply Shelton when the proposed deponent is not trial or litigation counsel in the underlying case." In re Insogna, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487 at *3 (S.D. Cal. Jan. 3, 2020).  Here, Helget is not counsel in the underlying case.  Therefore, the traditional Rule 45 test applies to Helget's deposition.

Inequitable conduct is a defense that, if proved, bars enforcement of a patent. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011). The defense has two prongs: (1) the patentee must have made an affirmative misrepresentation of material fact to the PTO, submitted false material information to the PTO, or failed to disclose material information to the PTO; and (2) such misrepresentations or omissions must have been undertaken with specific intent to deceive. Dayco Prod., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1362 (Fed. Cir. 2003).

Because an inequitable conduct defense requires its proponent to establish specific intent to deceive, courts often allow the deposition of patent prosecution counsel where inequitable conduct is claimed. See Insogna, 2020 WL 85487 at *10 (collecting cases). "Understandably, in cases where inequitable conduct is alleged, courts are more willing to permit a deposition of opposing counsel, since their intent and mental state during the patent prosecution are directly at issue." Id. However, many courts allow such discovery only if an inequitable conduct claim has been pleaded. See id; Denniston v. Abiomed, Inc., No. 19-MC-6010-FPG, 2019 WL 6827487 at *1 (W.D.N.Y. Dec. 13, 2019). That is because inequitable conduct is a claim for relief subject to a Rule 9(b) pleading standard. See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

Here, it is undisputed that Fitbit has not pleaded an inequitable conduct defense. Indeed, it has elected not to answer at this time. Fitbit has asserted that it will rely on an inequitable conduct defense if its motion to dismiss is unsuccessful and has so responded in its interrogatory answers. Docket No. 20 at 10.

This Court finds, in the particular circumstances of this case, that Fitbit may not take Helget's deposition at this time. While it may be appropriate at a later point in the case, it is not

now.  A deposition of an attorney raises concerns even if that attorney is not opposing counsel in the underlying case.  Therefore such deposition should only occur after Fitbit has followed the proper procedure.  Its inequitable conduct allegations should be set forth in a responsive pleading, not just an interrogatory answer, and be subject to the scrutiny of Rule 9(b).  If the inequitable conduct defense survives that process, Helget's deposition may be appropriate then.

IV. ORDER

For the foregoing reasons, this Court grants Helget's motion to quash.  This order is issued without prejudice to Fitbit seeking Helget's deposition once it has pleaded inequitable conduct.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge